UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

NEIL RHODES, *individually and as a shareholder of ALARM SPECIALISTS, INC., suing on behalf of himself and all shareholders of ALARM SPECIALIST[S], INC. similarly situated and in the right of ALARM SPECIALIST[S], INC.*,

                             Plaintiff,

-against-

GARY DAVIS and ALARM SPECIALISTS, INC.,

                             Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

08 Civ. 9681 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Neil Rhodes seeks to recover from Defendant Gary Davis attorneys' fees, costs, and expert fees incurred during Plaintiff's successful litigation of a breach of contract claim for Defendant's violation of a September 3, 2008 Stipulation of Discontinuance between the parties. Defendant opposes this request, arguing that Plaintiff's counsel inappropriately seeks to be reimbursed for expenses that exceed the scope of this Court's limited referral to the magistrate judge which excluded fees and costs relating to Plaintiff's unmeritorious claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Defendant further contends that Plaintiff's counsel fails to explain how the billing entries submitted exclude work performed on ERISA issues.[1] On July 1, 2013, Magistrate Judge George A. Yanthis issued a Report and Recommendation in which he recommended that Plaintiff be

---

[1] Defendant also argued that this Court's decision to award Plaintiff attorneys' fees and costs was in error, and represented that this issue had been preserved for appeal. (*See, e.g.*, Opp'n ¶ 4, ECF No. 156; *see also* Notice of Appeal, ECF No. 113; Corrected Notice of Appeal, ECF No. 115.) However, Defendant has since withdrawn this appeal. (*See* ECF No. 158.)

1

awarded $319,116.32 in attorneys' fees and costs. (Report, ECF No. 140.) This Court adopts the recommendations in the Report as to: (i) the reasonable hourly rates charged; (ii) the award of $12,227.12 in costs; and (iii) the decision not to award Plaintiff expert fees. (*See id.* at 10-12.) After applying a reasonable reduction to the amount of attorneys' fees to exclude work on unmeritorious ERISA claims, this Court hereby awards Plaintiff a total of **$287,707.40** in attorneys' fees and costs.

## Factual Background

On March 19, 2010, then United States District Judge Stephen C. Robinson issued an Opinion and Order finding that the Defendant breached the Stipulation by failing to execute an agreed-upon sale of shares. (*See* ECF No. 43 at 16.) In a September 27, 2012 Memorandum Decision and Order, this Court held that Plaintiff was entitled as the non-breaching party to recover reasonable attorneys' fees pursuant to the plain language of the Stipulation. (ECF No. 110 at 6-7.)[2] The September 27, 2012 Order also dismissed Plaintiff's ERISA claims due to Plaintiff's failure to produce any evidence that the Defendant violated his fiduciary duties under ERISA. (*Id.* at 8-9.) The case was then referred to Magistrate Judge Yanthis to conduct an inquest on the reasonable amount of attorneys' fees and costs. (*See* ECF No. 111.)

Plaintiff's counsel initially filed a motion for attorneys' fees and costs ("Motion I") on December 7, 2012. (Motion I, ECF No. 126).[3] On July 1, 2013, Magistrate Judge Yanthis issued a Report recommending an award of $319,116.32 in attorneys' fees and costs, and

---

[2] The Stipulation is attached as Exhibit 1 to Defendant's opposition (*see* ECF No. 156), and provides in relevant part: "In the event of [Defendant's] failure to pay the amounts called for in this paragraph, [Plaintiff] shall be entitled to recover legal fees to enforce this paragraph." (Stipulation ¶ 2.)

[3] Motion I was fully submitted following the filing of Defendant's opposition (ECF Nos. 135 and 137) and Plaintiff's reply (ECF No. 138).

2

recommending that Plaintiff's request for expert fees be denied. (Report at 11-12.) By order dated November 14, 2013, this Court indicated that it would not adopt Magistrate Judge Yanthis's Report "at th[at] time." (November 14 Order at 1, ECF No. 147.) Upon Magistrate Judge Yanthis's retirement, this Court recommitted the matter to Magistrate Judge Michael H. Dolinger "for further proceedings to calculate reasonable costs and attorneys' fees specifically attributable to prosecution of Plaintiff's breach of contract claim, excluding fees and costs related to Plaintiff's pursuit of his ERISA claims." (*See id.* at 4; Order of Reference, ECF No. 149.) Thereafter, the parties submitted additional briefing to Magistrate Judge Dolinger on the instant motion ("Motion II") concerning the appropriate amount of fees and costs to award. (*See* Motion II, ECF No. 153; Decl. in Support of Motion II ("Motion II Decl."), ECF No. 154; Opp'n, ECF No. 156; Reply, ECF No. 157.) On March 19, 2015, this Court withdrew any further referral to the magistrate judge. (ECF No. 159.)

## Standard of Review

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no party files objections to a

Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quotation omitted).

Consistent with the November 14, 2013 Order, the following analysis constitutes this Court's *de novo* review of Magistrate Judge Yanthis's Report in light of Defendant's objection that "any award to Plaintiff should not include fees related to the litigation of Plaintiff's unsuccessful ERISA claims." (*See* November 14 Order at 3.)

### Attorneys' Fees

Defendant correctly observes that the November 14, 2013 Order "was made for the limited purpose of determining whether Magistrate [Judge] Yanthis, in his Report[,] . . . had made an Award to Plaintiff which included fees or expenses relating to Plaintiff's 'failed' ERISA claims." (*See* Opp'n ¶ 2.) It was not an opportunity for Plaintiff to submit additional expenses incurred after October 2012—for instance, fees for "appeal issues," (*see* Motion II Decl. ¶ 14(D))—that were not before Magistrate Judge Yanthis. (*See* Opp'n ¶ 45 (noting that Motion II contains approximately thirty pages of time entries not previously submitted to Magistrate Judge Yanthis).)[4] This Court therefore does not consider those additional expenses here, although it is mindful of the fact that, after the Report was issued, Plaintiff's counsel expended additional time to brief Motion II.

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S.

---

[4] Plaintiff's original motion for counsel fees and costs—made more than a month after the initial Notice of Appeal was filed—did not reference or seek reimbursement for future expenses that would be incurred in connection with the appeal. Instead, the motion simply noted that, when the "reply papers [were] submitted, [P]laintiff w[ould] supplement [his] request to include an award for the fees incurred in the preparation of this fee application, the time and charges." (*See* Motion I ¶ 21.)

4

424, 437 (1983). To determine the attorneys' fees to which an applicant is entitled, a court must calculate each attorney's "presumptively reasonable fee," sometimes referred to as the "lodestar." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 189-90 (2d Cir. 2008). This figure is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended on the matter at issue. *See Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). In calculating the reasonable number of hours expended, the court "exclude[s] excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. The court is guided by the principle that "the touchstone for an award of attorneys' fees pursuant to a contract is reasonableness." *Carco Grp., Inc. v. Maconachy*, 718 F.3d 72, 86 (2d Cir. 2013).

Magistrate Judge Yanthis, having reviewed the attorneys' experiences and relying on his knowledge of practitioner rates in the relevant community, correctly determined that the hourly amounts charged by the seven attorneys who worked on this matter were reasonable. (*See* Report at 5-7.)[5] This Court accepts the Report's recommendations regarding these rates, which range from $450 per hour (for a founding partner with approximately forty years of practice) to $300 per hour (for an associate with approximately ten years of practice).[6] (*See id.*); *see also*

---

[5] Defendant "neither challenged the reasonableness of the rates sought by [P]laintiff's counsel[,] nor show[ed] that the requested rates [were] not in line with those prevailing in the community." (Report at 6 (citation and internal quotation marks omitted).)

[6] The hourly rates for the seven attorneys are as follows: (1) Andrew Greene ($425 per hour for work done prior to July 2010, and $450 per hour for work done after July 2010); (2) Daniel M. Kolko ($400 per hour); (3) Thomas C. Landrigan ($300 per hour); (4) Clifford J. Bond ($385 per hour); (5) John D'Amico ($300 per hour); (6) Paul T. Vink ($385 per hour); and (7) Brian Porch ($300 per hour). (Report at 7.)

5

*Antonmarchi v. Consol. Edison Co. of N.Y., Inc.*, No. 03 Civ. 7735(LTS)(KNF), 2012 WL 3126004, at *2 (S.D.N.Y. July 31, 2012) (finding "$530.00 per hour for a partner with more than thirty years of legal experience" to be a reasonable hourly rate); *Torres v. City of N.Y.*, No. 07 Civ. 3473 (GEL), 2008 WL 419306, at *1 (S.D.N.Y. Feb. 14, 2008) (finding "[t]he rate of $350 [per hour] is not unreasonable for a lawyer of ten years' experience").

The Report also properly found that a reduction in hours was warranted to establish a reasonable number of hours billed in light of the "numerous vague [time] entries" and inaccurate calculations submitted in the fee application. (*See* Report at 8-10 & n.2.) Many of these entries are plainly insufficient[7] to determine whether "a reasonable attorney would have engaged in similar time expenditures." *See Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992), *cert. denied sub nom. Bethlehem Steel Corp. v. Grant*, 506 U.S. 1053 (1993). As a result, Magistrate Judge Yanthis appropriately recommended a percentage reduction of hours to account for these vague billing entries. *See Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) ("[I]n dealing with [] surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed . . . ."). Applying a twenty-five percent reduction to one attorney's fees; a ten percent reduction to three attorneys' fees; and the attorneys' corresponding reasonable hourly rates, the Report reached a total recommended attorneys' fees award of $306,889.20 based on 818.3 hours of work performed. (*See* Report at 10.)

However, a further reduction in fees is warranted given Plaintiff's counsel's failure to provide a thorough and accurate account of the number of hours to be excluded based on work performed on the unsuccessful ERISA claims. The November 14, 2013 Order limited "the

---

[7] (*See, e.g.*, Ex. 3 to Motion II at 3 (November 3, 2008 time entry for 3.1 hours of "Office confs., research re default issues and litigation and related matters"); *id.* at 12 (March 23, 2009 time entry for 5.8 hours of "Research and confs. re motion issues, and related matters").)

award of fees and costs . . . to work done in prosecution of Plaintiff's breach of contract claim only"; time spent on Plaintiff's ERISA claims was to be excluded. (*See* November 14 Order at 3-4.) Plaintiff's counsel represents that a review of the billing entries concerning ERISA issues "resulted in a slight reduction (less than 10 hours) from the original application." (Motion II Decl. ¶ 19.) This representation cannot be credited given Plaintiff's significant summary judgment briefing on the ERISA claims.[8] Plaintiff's counsel also concedes that two hours of deposition questioning relating to pension issues (representing $800 in attorneys' fees) should be deducted from the motion. (Reply ¶ 18(o).) Defendant thus correctly observes that Plaintiff has not provided "the Court [with] any separate calculation or document which shows exactly how [the ERISA-related] time was computed," (*see* Opp'n ¶ 51), and it is Plaintiff's burden to demonstrate his entitlement to the fee award. *See Hensley*, 461 U.S. at 437.

Because "it is unrealistic to expect a trial judge to evaluate and rule on every [time] entry in an application," *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983), the court "may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." *McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (citation and internal quotation marks omitted). In this case, the Report does not account for the additional time Plaintiff's counsel spent preparing the additional papers for Motion II (including the review of and response to Defendant's lengthy fifty-five page opposition), and Plaintiff should be reimbursed for this time.[9] This Court therefore finds that a ten percent reduction of the fees award recommended by

---

[8] (*See* Mem. in Support of Motion for Partial Summary Judgment and Injunctive Relief at 8-11, ECF No. 83; Mem. in Opp'n to Cross-Motion for Partial Summary Judgment at 8-12, ECF No. 99.)

[9] *See Donovan v. CSEA Local Union 1000, Am. Fed'n of State, Cnty. & Mun. Employees, AFL-CIO*, 784 F.2d 98, 106 (2d Cir. 1986) ("If the original award [of attorney's fees] is warranted, . . . a reasonable amount should be

7

Magistrate Judge Yanthis would sufficiently exclude any time spent on the ERISA claims and ensure that Plaintiff's counsel is reasonably reimbursed for the time spent on the instant motion. *See Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 401 (S.D.N.Y. 2000) (collecting cases applying reductions between ten to thirty percent on grounds of vague or inaccurate time entries). Accordingly, Plaintiff is entitled to be reimbursed for $275,480.28 in attorneys' fees ($306,889.20 minus $800, plus a ten percent reduction).

## Costs

The Report recommended that Plaintiff receive $12,227.12 in costs incurred for routine expenses such as filing, photocopying, postage, and Westlaw research. (Report at 11.) It is clear that "[a]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (quotation omitted). Plaintiff's request for $12,227.12 in costs is reasonable, and he is hereby awarded this amount.[10]

## Expert Fees

Magistrate Judge Yanthis correctly determined that Plaintiff is not entitled to recover expert fees as part of his request for fees and costs. (*See* Report at 11.) "The party seeking reimbursement for expert fees bears the burden of proving reasonableness." *Matteo v. Kohl's Dep't Stores, Inc.*, No. 09 Civ. 7830 (RJS), 2012 WL 5177491, at *5 (S.D.N.Y. Oct. 19, 2012) (citation and internal quotation marks omitted), *aff'd*, 533 F. App'x 1 (2d Cir. 2013). Here, the Stipulation makes no reference to expert fees. (*See* Stipulation ¶ 2). Moreover, Plaintiff's

---

granted for time spent in applying for the award."), *cert. denied sub nom. CSEA Local Union 1000, Am. Fed'n of State, Cnty. & Mun. Employees, AFL-CIO v. Brock*, 479 U.S. 817 (1986).

[10] As explained in the November 14, 2013 Order, Defendant's objection that costs should not be included in legal fees does not necessitate further *de novo* review. (*See* November 14 Order at 3.)

counsel's proffered documentation for these expenses is plainly deficient, which counsel acknowledges.[11] The invoices do not itemize the expert's hourly rate and total number of hours spent on this case, let alone provide a description about the specific work that the expert performed on the breach of contract claim.[12] Having not met his burden, Plaintiff may not recover the requested expert fees.

## Conclusion

That portion of Magistrate Judge Yanthis's July 1, 2013 Report and Recommendation is adopted with regard to: (i) the reasonable hourly rates charged by the seven attorneys; (ii) Plaintiff's entitlement to recover $12,227.12 in costs; and (iii) that Plaintiff is not entitled to an award of expert fees. Plaintiff's motion for counsel fees and costs is GRANTED to the extent of a total award of **$287,707.40**. The Clerk of the Court is directed to close the motion at ECF No. 153, and this case.


Dated: New York, New York
       March 23, 2015

SO ORDERED.

*[signature]*

GEORGE B. DANIELS
United States District Judge

---

[11] Plaintiff's counsel notes that "the expert bills are not broken down with precise billing information," and he simply "submit[s]"—without any supporting information—"that not less than fifty percent of the total billing ... is directly attributable to the enforcement of the contract between the parties." (*See* Motion II Decl. ¶ 29.)

[12] (*See* Ex. 5 to Motion II (containing January 19, 2011; July 27, 2011; and November 15, 2011 invoices for "professional services rendered ... in connection with the above referenced matter").)